# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### AUSTIN DIVISION

| | | |
|---|---|---|
| **KENNETH NEIL SCHLANKER, JR.,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-06-CA-529-LY** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:      The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in support thereof (Document 2); Respondent's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) (Document 10); and Petitioner's Response thereto (Document 11).  Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to judgments and sentences of the 21st Judicial District Court of Washington County, Texas, in cause number 13,389, styled The State of Texas v. Kenneth Neil Schlanker, Jr.  In a two-count indictment, Petitioner was charged with the felony offenses of possession of a controlled substance, namely, cocaine, in an amount of four grams or more but less than 200 grams (count 1), and possession of a controlled substance, namely, 3,4-Methylenedioxy Methamphetamine (a.k.a. Ecstasy), in an amount of one gram or more but less than four grams (count 2).  After a jury trial, Petitioner was found guilty as alleged in the indictment.  He was sentenced to 20 years in prison and fined $10,000.00 for possession of cocaine.  He also was sentenced to 10 years in prison and fined $10,000.00 for possession of Ecstasy.

Petitioner's convictions were affirmed on December 5, 2002, in an unpublished opinion. Schlanker v. State, No. 01-02-00056-CR (Tex. App. – Houston [1st Distr.] 2002, pet. ref'd), 2002 WL 31721902.  Petitioner's petition for discretionary review was refused by the Texas Court of Criminal Appeals on April 9, 2003.  Schlanker v. State, PDR No. 2555-03.  Petitioner admits he did not file a petition for writ of certiorari with the United States Supreme Court.

On August 25, 2004, Petitioner filed his only state writ application challenging these convictions.  Ex parte Schlanker, No. 60,298-01 at 35, 118.  After remand, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court with a hearing on June 28, 2006.  Id. at cover.

2

**B.**     **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.     The State committed prosecutorial misconduct by: (a) withholding certain documents, and co-defendant's polygraph results and truck inventory; (b) used perjured testimony; and (c) commented on his failure to testify during closing argument;

2.     He was denied effective assistance of counsel when trial counsel failed to: (a) impeach a key witness, Trooper Kolek, with perjured testimony; (b) quash the indictment; (c) conduct any pre-trial investigation; and (d) challenge the traffic stop;

3.     He is actually innocent; and

4.     There was no evidence of possession of the controlled substance.

**C.**     **Exhaustion of State Court Remedies**

Respondent does not concede that Petitioner has exhausted his state court remedies regarding the claims brought in this application. Rather, Respondent reserves the right to address the exhaustion issue should his request to dismiss as time-barred be denied.

## II.   DISCUSSION AND ANALYSIS

**A.**     **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1]   The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B.    Application

Petitioner's conviction became final, at the latest, on July 8, 2003, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. See Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Therefore, Petitioner's application, to be timely, would have had to have been filed on or before July 8, 2004. Petitioner did not execute his federal application for habeas corpus relief until July 7, 2006, nearly two years after the expiration of the limitations period.

Petitioner argues the limitations period should be equitably tolled. He explains he mailed his state application for habeas corpus relief to his attorney for his review on June 8, 2004. His attorney, who was not representing him in the state application, forwarded the state application to the Texas Court of Criminal Appeals on June 24, 2004, and mailed Petitioner a letter informing Petitioner of his actions. Upon receipt of counsel's letter, Petitioner recognized the attorney erred

4

in sending the application to the Texas Court of Criminal Appeals instead of sending it to the Washington County District Clerk.  According to Petitioner, he wrote to his attorney on June 29, 2004, informing counsel of his error.  The following day Petitioner asserts he received an official notice from the Court of Criminal Appeals that the application had been received.  Petitioner states several days passed with no word from his attorney.  According to Petitioner, he then wrote to the Clerk for the Texas Court of Criminal Appeals, informing the clerk of the error and requesting that the application be forwarded to the Washington County Court.  The Clerk for the Texas Court of Criminal Appeals responded on July 13, 2004, that the writ was pending and Petitioner would be notified when a decision was reached.  Shortly thereafter, Petitioner asserts he received a phone call from his attorney stating it was normal practice for the Court of Criminal Appeals to forward the state writ to the district court.  On August 11, 2004, Petitioner states he wrote to the District Clerk for Washington County regarding his writ application.  The District Clerk responded on August 13, 2004, that there was no record of his writ application.  On August 16, 2004, Petitioner asserts he mailed a "Motion to Abate and Remand" to the Texas Court of Criminal Appeals, informing the court that his state application for habeas corpus relief had been misfiled.  Three days before, the Texas Court of Criminal Appeals had written to Petitioner, informing him his writ application was being returned because it was improperly filed.  Petitioner received the letter and his returned application on August 18, 2004.  Petitioner states he mailed the state writ application as soon as possible on August 23, 2004.  The Washington County District Clerk received the state writ application on August 25, 2004.

Petitioner's state writ application received by the Texas Court of Criminal Appeals on June 28, 2004, did not operate to toll the limitations period, because it was not properly filed.  An

application for state post-conviction relief is "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)
"when its delivery and acceptance are in compliance with the applicable [state] laws and rules
governing filings." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000). See also Villegas
v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999) (state habeas application "properly filed" when it
conforms with state's applicable procedural filing requirements such as those governing time and
place of filing). Petitioner's first state habeas corpus application did not constitute a "properly filed"
application for purposes of 28 U.S.C. § 2244(d)(2), because the Texas Court of Criminal Appeals
determined that the application failed to comply with TEX. R. APP. P. 73.2. Edwards v. Dretke, 116
Fed. Appx. 470, 471 (5th Cir. 2004). See also Larry v. Dretke, 361 F.3d 890, 895 (5th Cir. 2004)
(state habeas application not properly filed where submitted to convicting court before conviction
became final). The limitations period would not, thus, have been subject to statutory tolling until
August 25, 2004, when Petitioner filed his application with the Washington County District Clerk.
At that time, the one-year limitations period had already expired.

Petitioner is also not entitled to equitable tolling. Although the Fifth Circuit has permitted
equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v.
Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999) (finding
"exceptional circumstances" in a case in which the trial court considering the petitioner's application
under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of
limitations). The Fifth Circuit has determined mere attorney error or neglect is not an extraordinary
circumstance such that equitable tolling is justified. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir.
2002).

Petitioner is not entitled to equitable tolling from the period the Texas Court of Criminal Appeals received the erroneously filed state writ application on June 28, 2004, until the Texas Court of Criminal Appeals received Petitioner's correspondence, informing the court of the error. Up until the Court of Criminal Appeals received Petitioner's correspondence, all of the delay in filing the state writ application was attributable either to Petitioner or Petitioner's counsel. Petitioner does not specify the date he wrote to the Court of Criminal Appeals. Rather, he states he wrote to the court several days after June 30, 2004. However, even if Petitioner had written to the Court of Criminal Appeals on Thursday, July 1, 2004, the court would not have received the correspondence before Monday, July 5, 2004, assuming the Texas Court of Criminal Appeals and the United States Postal Service were not closed for the Fourth of July holiday. As of that date, only three days remained of the one-year limitations period.

The Texas Court of Criminal Appeals denied Petitioner's state writ application on June 28, 2006. Petitioner executed his federal application <u>nine</u> days later on July 7, 2006. Because Petitioner is not entitled to equitable tolling due to counsel's error, Petitioner's federal application is time-barred.

Petitioner also argues he is entitled to equitable tolling because the Court of Criminal Appeals did not return his erroneously filed state writ application sooner and because prison policies prevented him from mailing his state writ to the Washington County Clerk immediately upon receipt of the returned writ application. The Court is not certain, but Petitioner also appears to be alleging his access to a law library is inadequate now that he is confined in the Medina County Jail. All of these alleged delays occurred after the limitations period had already expired. After the limitations period has expired, it cannot be tolled.

7

Finally, Petitioner argues he is actually innocent.  The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted.  As a consequence, a petitioner's claim of actual innocence is relevant to the timeliness of his petition if the claim justifies equitable tolling of the limitations period.  Cousin v. Lensing, 310 F.3d 843, 849 (5ᵗʰ Cir. 2002).  The Fifth Circuit has previously held that such claims do not.  Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (petitioner's unsupported actual innocence claim does not constitute grounds for equitable tolling "given that many prisoners maintain they are innocent."); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (petitioner who fails to show factual innocence has not shown how the limitations period made the habeas corpus remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired). Moreover, Petitioner's allegations are insufficient to establish actual innocence.  Therefore, Petitioner's claim of innocence does not preclude the dismissal of his petition as untimely.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed as time-barred.

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of October, 2006.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE